UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DRC LV VENTURES, LLC, et al.,<br><br>                              Plaintiffs,<br><br>            -against-<br><br>IDIN DALPOUR, et al.,<br><br>                              Defendants. | 23-CV-7827 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

"[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assoc.*, 915 F.2d 81, 83 (2d Cir. 1990). Consistent with that proposition, Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In the present case, a breach of contract action, jurisdiction is premised on diversity of citizenship, pursuant to Title 28, United States Code, Section 1332. Section 1332, however, requires "complete" diversity of citizenship, and it is well established that diversity "is not complete if *any* plaintiff is a citizen of the same state as *any* defendant." *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (emphasis added). A review of the complaint in this action reveals that such is the case here, as Plaintiff DRC LV and Defendant Maxben Holdings are both citizens of Delaware State. ECF No. 1, ¶¶ 7, 12. It therefore appears that the Court lacks subject matter jurisdiction over this action.

In light of the foregoing, it is hereby ORDERED that Plaintiffs show cause in writing by **September 12, 2023** why this case should not be dismissed. If Plaintiffs fail to show cause or do

not file anything by the deadline, the Court will dismiss the case for lack of subject-matter jurisdiction without further notice to the parties.

Dated: September 5, 2023
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge