UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DRC LV VENTURES, LLC, SCOTT SCHROEDER, MARINE PARK INVESTMENTS, LLC, AND GREENWAY FINANCIAL GROUP, LLC,<br><br>Plaintiffs,<br><br>-against-<br><br>IDIN DALPOUR AND MAXBEN HOLDINGS, LLC,<br><br>Defendants. | **PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**<br><br>23 Civ. 23-CV-7827 (JGLC) |

  Plaintiffs DRC LV Ventures, LLC ("DRC LV"), Scott Schroeder, Marine Park Investments, LLC ("Marine Park"), and Greenway Financial Group, LLC (Greenway Financial"), respectfully submit this Response to the Court's Order to Show Cause, dated September 5, 2023, as to why the Court should not dismiss this action for lack of subject matter jurisdiction. (Dkt. No. 10).

  The Court has subject matter jurisdiction pursuant to Title 28, United States Code, Section 1332, which requires complete diversity of citizenship between the parties. Compl. ¶ 13. As the Court observed, diversity "is not complete if *any* plaintiff is a citizen of the same state as any defendant." (Dkt. No. 10 at 1) (emphasis in original) (quotation omitted). That is not the case here. The individual parties are citizens of the states where they reside, and the corporate parties, all of which are limited liability companies, are citizens of the states where their members are citizens. Accordingly, no plaintiff is the citizen of the same state as any defendant: Plaintiffs are citizens of Maryland, Indiana, New Jersey, and Virginia, whereas Defendants are citizens of New York.

  The individual parties (Scott Schroeder and Idin Dalpour) are citizens of the states where they reside. An individual's citizenship, within the meaning of the diversity statute, is determined

by his domicile. *Suedrohrbau Saudi Co. v. Bazzi*, No. 21-2307-CV, 2023 WL 1807717, at *2 (2d Cir. Feb. 8, 2023) (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). "Domicile may be thought of as a person's home. It is the place where a person dwells and which is the center of his domestic, social and civil life." *Chappelle v. Beacon Commc'ns Corp.*, 863 F. Supp. 179, 181 (S.D.N.Y. 1994) (quotation omitted). Here, Mr. Schroeder's home is in New Jersey, and Mr. Dalpour's home is in New York. Compl. ¶¶ 8, 11. Therefore, Mr. Schroeder is a citizen of New Jersey, while Mr. Dalpour is a citizen of New York.

The corporate defendants, all of which are limited liability companies, are citizens of the states where their members are citizens. As the Supreme Court explained in *Carden v. Arkoma Associates*, while the Court had held that "a corporation is 'capable of being treated as a citizen of [the State which created it],'" the Court has "resisted extending that treatment to other entities." 494 U.S. 185, 188-89 (1990) (quoting *Marshall v. Baltimore & Ohio R. Co.*, 16 How. 314, 329, 14 L.Ed. 953 (1854)) (brackets in original). In *Carden*, those "other entities" included "an unincorporated 'joint stock company'" and a "limited partnership association." *Id.* at 189. The Court went on to hold that, in determining the citizenship of a partnership, a court must look to the citizenship of the partnership's limited as well as general partners.

In *Handelsman v. Bedford Vill. Assocs. Ltd*, the Second Circuit applied *Carden* in the context of a limited liability company, holding that, for diversity purposes, a limited liability company was a citizen of Florida because its members were citizens of Florida. 213 F.3d 48, 51–52 (2d Cir. 2000) ("defendants Bedford Partnership and Bedford LLC are, for diversity purposes, citizens of Florida because both entities have Florida members") (citing *Carden*, 494 U.S. 185, 195-96). Numerous courts in this Circuit and District have since reiterated that a limited liability company takes the citizenship of each of its members. *See, e.g.*, *Bayerische Landesbank, New*

*York Branch v. Aladdin Capital Mgmt.*, 692 F.3d 42, 49 (2d Cir. 2012) ("a limited liability company . . . takes the citizenship of each of its members"); *Gianetti v. Teakwood, Ltd.*, 2022 WL 815793, at *1 (2d Cir. March 18, 2022) ("citizenship of a limited liability company is determined by the citizenship of each of its members") (quotation omitted); *Discovery Ortho Partners, LLC v. Osseous Technologies of America, Inc.*, No. 10 Civ. 1729 (HB), 2010 WL 3239428, at *3 (Aug. 17, 2010) ("limited liability company in particular is deemed to be a citizen of all states of which its partners or members are citizens); *Gramercy Advisors, LLC v. Ripley*, No. 13 Civ. 9070 (VEC), 2014 WL 4188099, at *1 n.2 (S.D.N.Y. Aug. 25, 2014) ("Limited liability corporations are citizens of the states in which their members are citizens.").[1]

Here, Plaintiff DRC LV is a limited liability company with two members who are citizens of Maryland and Indiana. Compl. ¶ 7. DRC LV is thus a citizen of Maryland and Indiana. Plaintiff Marine Park is a citizen of New Jersey and Virginia, as it is a limited liability company with two members, one a citizen of New Jersey and one a citizen of Virginia. Compl. ¶ 9. And Plaintiff Greenway Financial is a citizen of New Jersey, as it has two members, both of whom are New Jersey citizens. Compl. ¶ 10.

Defendants, on the other hand, are citizens of New York. Mr. Dalpour is a resident of New York City and a citizen of New York State. Compl. ¶ 11. Maxben Holdings is a limited liability corporation with one member, Mr. Dalpour, and is thus also a citizen of New York. Compl. ¶ 12.[2] Given that none of the members of Plaintiffs DRC LV, Marine Park, and Greenway

---

[1] "In the context of LLCs, the terms 'members' and 'partners' are generally interchangeable, although 'member' is more often used in conjunction with LLCs, while 'partner' is more often used in conjunction with partnerships." *Discovery Ortho Partners*, 2010 WL 3239428, at *3 n.1.

[2] Plaintiffs allege on information and belief that Mr. Dalpour is Maxben Holdings' sole member. Compl. ¶ 12. That allegation was based allegations in a verified complaint filed in the Supreme Court of Pennsylvania against Maxben Holdings that Mr. Dalpour is "the sole owner" of Maxben Holdings. Complaint at 1, *Erik Hugus v. Maxben Holdings, LLC and Idin Dalpour, individually*

Financial is a citizen of New York, there is complete diversity of citizenship between the parties to this litigation.

Diversity jurisdiction is not destroyed by the fact that both DRC LV and Maxben Holdings are Delaware limited liability companies, because, as explained above, the citizenships of the LLCs' members, rather than the state where they were organized, controls for purposes of diversity jurisdiction. Judge Caproni's decision in *Grammercy Advisors* is instructive. That case concerned a Delaware limited liability company, Grammercy Advisors, LLC, that was a plaintiff, and another Delaware limited liability company, Cary Investments, LLC, that was a defendant. The court observed that while "[b]oth Gramercy Advisors, LLC and Cary Investments, LLC are Delaware limited liability corporations," there was diversity of citizenship because "[l]imited liability corporations are citizens of the states in which their members are citizens." 2014 WL 4188099, at *1 n.2. The same is the case here.

---

*and as Managing Member of Maxben Holdings, LLC*, Dkt. No. CV-2023-003492 (Pa. Com. Pl. 2023). A copy of the *Hugus* complaint is attached as Exhibit 1. Allegations made on information and belief are sufficient to establish jurisdiction. *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194 (2d Cir. 1990) ("Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith . . . legally sufficient allegations of jurisdiction") (citation omitted); *Murray v. United Parcels Serv., Inc.*, No. 20 Civ. 1427 (MKB), 2022 WL 4468295, at *9 (E.D.N.Y. Sept. 25, 2022) ("When a plaintiff sets out allegations on information and belief, he is representing that he has a good-faith reason for believing what he is saying, but acknowledging that his allegations are based on secondhand information that [he] believes to be true.") (quotation omitted) (brackets in original). If, however, the Court were to conclude that the pleadings were insufficient to establish complete diversity, the Court should order limited, expedited discovery into the issue rather than dismissing the case outright before Plaintiffs have an opportunity to access information relevant to jurisdiction that is in Defendants' exclusive control. *See Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, No. 20 Civ. 731 (PAE), 2020 WL 7711629, at *3 (S.D.N.Y. Dec. 29, 2020) ("The documents currently before the Court suggest that there is a lack of complete diversity. . . . The Court, however, will afford Plaintiffs limited, expedited discovery on this issue, and defer consideration of Defendants['] motion to dismiss for lack of diversity until completion of such discovery as to membership of LLCs") (internal citation and quotation marks omitted).

## **CONCLUSION**

For the foregoing reasons, this Court has subject matter jurisdiction based on diversity of citizenship.

Dated: New York, New York
      September 8, 2023

                                      Respectfully Submitted,

By:   */S/ Peter M. Skinner*
       Peter M. Skinner
       MORRISON & FOERSTER LLP
       250 West 55th Street
       New York, New York 10019
       Telephone: (212) 468-8000
       E-mail: pskinner@mofo.com