UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DRC LV VENTURES, LLC, SCOTT SCHROEDER, MARINE PARK INVESTMENTS, LLC, AND GREENWAY FINANCIAL GROUP, LLC,<br><br>                    Plaintiffs,<br>         -against-<br><br>IDIN DALPOUR AND MAXBEN HOLDINGS, LLC,<br><br>                    Defendants. | Docket No.: 1:23-cv-07827 (JGLC)<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW |

      In accordance with Rule 1.4 of the Local Rules for the United States District Court for the Southern District of New York and Rule 1.16 of the New York Rules of Professional Conduct, Moritt Hock & Hamroff LLP ("MHH") respectfully submits this memorandum of law in support of its motion to withdraw as counsel of record for Defendants Idin Dalpour and Maxben Holdings, LLC (collectively, "Defendants").

## ARGUMENT

      As set forth in the accompanying Declaration of James P. Chou, MHH is in the process of ending its engagement with Defendants on multiple matters. One of these matters is MHH's representation of Defendants in this case. MHH and Defendants have discussed, and Defendants have assented to this termination and MHH's withdrawal. Accordingly, MHH's withdrawal is consistent with the New York Rules of Professional Conduct, which permit consensual termination. *See* N.Y. Rules of Prof'l Conduct R. 1.16(c)(10) (withdrawal permitted where "the client knowingly and freely assents to termination of the employment"). Should the Court require additional explanation of the grounds for withdrawal, undersigned counsel is prepared to provide it *in camera* without the appearance of opposing counsel.

3396162v1

Additionally, Defendants are in default in payment of MHH's bills. It is well-settled that lack of payment constitutes grounds for withdrawal of counsel. *See* N.Y. Rules of Professional Conduct, Rule 1.16(c)(5); *see also Furlow v. City of New York* 1993 WL 88260 (S.D.N.Y. March 22, 1993) ("An attorney may withdraw as counsel when his client fails to pay legal fees"); *Farr Man Coffee, Inc. v. M/S/ Bernhard S*, 1989 U.S. Dist. LEXIS 2988, *3 (S.D.N.Y. 1989) ("It hardly needs saying that a client's refusal to pay the attorney…is a satisfactory reason for allowing the attorney to withdraw"). In this case, Defendants' last invoice amounted to approximately $118,108.09, and as of the filing of this motion Defendants are now indebted to MHH for approximately $182,002.74 for services performed and expenses incurred. Defendants have failed to comply with their agreement with MHH as to payment and reimbursement of expenses that were fully authorized. Under the circumstances, it is respectfully submitted that MHH should be permitted to withdraw as counsel for Defendants.

To the extent such invoices are not paid in full by the return date of this application, MHH will request the fixing of a retaining lien up to the value of any unpaid invoices as of the date the withdrawal request is granted against the papers and property of Defendants, in order to secure the amount of MHH's outstanding legal fees and disbursements in its representation of Defendants. *See Pomerantz v. Schandler*, 704 F.2d 681, 683 (2d Cir. 1983) (under New York law, an attorney is generally entitled to assert a lien on client's papers for outstanding unpaid fees).

This matter was only filed on September 1, 2023, and is therefore in its infancy. [Dkt. No. 1]. Currently pending before the Court is Defendants' Motion to Partially Dismiss Plaintiffs' Complaint ("Motion"). [Dkt No. 16]. Our understanding from a previous conversation with opposing counsel is that Plaintiffs might notify the Court, pursuant to its Individual Rule 4(e), that they will amend the Complaint thereby mooting the pending Motion. Should Plaintiffs instead file

opposition to the Motion or file an amended complaint, we would request that the stay, as detailed below, apply to any responsive papers. In regards to upcoming dates in this matter, there is a Pretrial Conference scheduled for November 30, 2023 (the "Pretrial Conference"). [Dkt. No. 14]. The parties have conferred and participated in a Rule 16 conference, but have not yet submitted to the Court a joint letter or proposed Civil Case Management Plan and Scheduling Order. We respectfully request that Defendants' subsequent counsel have an opportunity to represent Defendants in regards to those matters. Plaintiffs and Defendants' new counsel should have the opportunity and sufficient time to meet and confer and submit a proposed plan before the Pretrial Conference thereby avoiding any delay on discovery. Accordingly, "withdrawal can be accomplished without material adverse effect on the interests of the client." N.Y. Rules of Prof'l Conduct R. 1.16(c)(1); *see Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011) (finding that attorney withdrawal would not unreasonably delay proceeds as the case was not on the verge of trial).

Finally, we respectfully request the Court enter a thirty (30) day stay of any proceedings or deadlines that would require the assistance of counsel so that Defendants can have sufficient time to retain new counsel and give Defendants' new counsel an opportunity to familiarize itself with this matter.

We have consulted with counsel for Plaintiffs prior to filing this motion, and they stated that they take no position on this motion to withdraw. However, they do oppose any request for a stay of proceedings.

## CONCLUSION

For the foregoing reasons, MHH respectfully requests that the Court grant its motion to withdraw as counsel of record for Defendants and enter a thirty (30) day stay of proceedings. Additionally, MHH should be entitled to a retaining lien against Defendants' files and property up to the value of any unpaid invoices as of the date the withdrawal request is granted.

Dated: New York, New York
October 11, 2023

                    Respectfully submitted,

                    **MORITT HOCK & HAMROFF LLP**

By  */s/ James P. Chou*
      James P. Chou
      Marshall O. Dworkin
      1407 Broadway, 39th Floor
      New York, NY 10018
      (212) 239-2000
      jchou@moritthock.com
      mdworkin@moritthock.com
      *Attorneys for Defendants*