UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DRC VENTURES, LLC, et al.,

                Plaintiffs,

-against-

IDIN DALPOUR, et al.,

                Defendants.

23-CV-7827 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

    Before the Court is Plaintiffs' motion to compel the production of documents consisting of Defendants' communications with their former law firm, Morritt Hock & Hamroff ("MHH"), based on the crime-fraud exception to attorney-client privilege. *See* ECF No. 39. For the reasons stated herein, the Court will conduct an *in camera* review to determine which materials fall under the crime-fraud exception.

**LEGAL STANDARD**

    Communications that would otherwise be protected by the attorney-client privilege "are not protected if they relate to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct." *In re Richard Roe, Inc.*, 68 F.3d 38, 40 (2d Cir. 1995) (quoting *In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983*, 731 F.2d 1032, 1038 (2d Cir. 1984)). "A party wishing to invoke the crime-fraud exception must demonstrate that there is a factual basis for a showing of probable cause to believe that a fraud or crime has been committed and that the communications in question were in furtherance of the fraud or crime." *United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997). The "factual basis must strike 'a prudent person' as constituting 'a reasonable basis to suspect the perpetration or attempted perpetration of a crime or fraud, and that the communications were in furtherance thereof.'" *Id*. (quoting *In re*

*John Doe, Inc.*, 13 F.3d 633, 637 (2d Cir. 1994)). "[T]he fraudulent nature of the objective need not be established definitively; there need only be presented a reasonable basis for believing that the objective was fraudulent." *In re Grand Jury*, 731 F.2d at 1039.

The crime-fraud exception applies even if the attorney was unaware that the client intended to use the attorney's services in furtherance of a crime or fraud. *Amusement Indus., Inc. v. Stern*, 293 F.R.D. 420, 426 (S.D.N.Y. 2013) (collecting cases). That is because, although there must be a "purposeful nexus" between the crime or fraud and the communication, the relevant intent is that of the client. *Id*. at 426–27 (internal citations omitted).

A "lesser evidentiary showing is needed to trigger *in camera* review than is required ultimately to overcome the [attorney-client] privilege." *United States v. Zolin*, 491 U.S. 554, 572 (1989) (internal citation omitted). "Before engaging in *in camera* review to determine the applicability of the crime-fraud exception, the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person, that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." *Id*. (internal citation and quotation marks omitted). Once such a showing is made, the "decision whether to engage in *in camera* review rests in the sound discretion of the district court." *Id*.

## DISCUSSION

The crime that Plaintiffs allege Defendants committed is wire fraud, in violation of 18 U.S.C. § 1343, as charged in an indictment. *See* ECF No. 42. Under this statute:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1343. An indictment provides probable cause to believe that the crime charged was committed, and therefore Plaintiffs have satisfied the first prong of the crime-fraud exception. *United States v. Levin*, No. 15-CR-101 (KBF), 2015 WL 5838579, at *4 (S.D.N.Y. Oct. 5, 2015) (citing *Kaley v. United States*, 571 U.S. 320, 327 (2014)).

The Court next turns to whether the communications were "in furtherance of a crime or fraud." *See Jacobs*, 117 F.3d at 87. Plaintiffs allege Defendants' communications with MHH concern MHH's false statements to Plaintiffs, which covered up Defendants' past frauds and facilitated Defendants' ongoing frauds. ECF No. 39 at 1. Plaintiffs state that MHH made at least five categories of false statements to Plaintiffs: (1) Defendants' operating partner was distributing funds to Defendants; (2) Defendants' payments were delayed by technical issues at their banks; (3) one defendant was pledging assets to Plaintiffs that he had not pledged to others; (4) Defendants had funds that would be used to pay Plaintiffs; and (5) one defendant was selling stock to raise money to pay Plaintiffs. *Id*. at 2. Plaintiffs allege that these false statements were made to them to cover up past frauds and in furtherance of the fraud scheme, in part to induce Plaintiffs to renegotiate the terms of their loans. *Id*. at 2–3. Although Defendants argue that the alleged conduct "merely amounts to a futile effort to avoid litigation by misrepresenting . . . Defendants' financial condition," *id*. at 3, the Court finds that a "prudent person" would have "reasonable basis to suspect" that these false statements were made in furtherance of a crime or fraud, *see Jacobs*, 117 F.3d at 87. *See also Amusement Indus.*, 293 F.R.D. at 440 (holding that communications between attorney and client regarding documents furthered fraud where client created false financial documents to secure financing from institutions and used attorney "as a conduit to send information").

Notwithstanding Plaintiffs' showing, the Court exercises its discretion to conduct an *in camera* review of the documents. *See United States v. Spinosa*, No. 21-CR-206 (PAE), 2021 WL 2644936, at *8 (S.D.N.Y. June 28, 2021); *A.I.A. Holdings, S.A. v. Lehman Bros.*, No. 97-CV-4978 (LMM) (HBP), 1999 WL 61442, at *7 (S.D.N.Y. Feb. 3, 1999). "Respect for the attorney-client privilege" favors that the Court review the documents to assure that the production is "narrowly tailored to capture only those found in furtherance." *Spinosa*, 2021 WL 2644936, at *8. As such, MHH is hereby ORDERED to produce the documents withheld on the basis of attorney-client privilege to the Court by email, by **May 20, 2024**.

Dated: May 13, 2024
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge