UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DRC VENTURES, LLC, et al.,

                Plaintiffs,

-against-

IDIN DALPOUR, et al.,

                Defendants.

23-CV-7827 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      On April 15, 2024, Plaintiffs moved this Court for an order compelling the production of communications pursuant to the crime-fraud exception to the attorney-client privilege. ECF No. 39. On May 13, 2024, this Court issued an Order concluding that Plaintiffs had made the necessary showing to support the existence of probable cause to believe that a criminal fraud has been committed and that communications at issue were made in furtherance of that crime. ECF No. 43. Although not expressly stated in the Court's May 13 Order, the Court underscores that it made no finding that Defendants' former counsel Morritt Hock & Hamroff ("MHH") engaged in any crime or fraud, and such a finding was not necessary in order to conclude that the exception applies. *See id*. at 2 (citing *Amusement Indus., Inc. v. Stern*, 293 F.R.D. 420, 426 (S.D.N.Y. 2013)). The Court ordered MHH to produce for *in camera* review the documents withheld on the basis of attorney-client privilege. *Id*. at 4. The Court has received and begun its review of the materials supplied by MHH.

      Where, as here, the Court has already found the necessary probable cause to believe that a crime or fraud has been committed and that the communications at issue were made in furtherance of that crime or fraud, *see id*. at 3, *in camera* review serves to ensure that the particular documents are in fact related to the topics asserted in the motion for application of the

crime-fraud exception, *see In re John Doe, Inc.*, 13 F.3d 633, 636 (2d Cir. 1994) ("[I]n camera proceedings may be used to determine whether the exception applies to particular communications."). The topics asserted in the motion for application of the crime-fraud exception are:

1. Defendants' operating partner in Las Vegas, MGM, distributing funds to Defendants;
2. Defendants' payments being delayed by technical issues at their banks;
3. Dalpour pledging assets to Plaintiffs that he had not pledged to others;
4. Defendants' funds in bank accounts that would be used to pay Plaintiffs; and
5. Dalpour selling stock to raise money to pay Plaintiffs.

ECF No. 39 at 2.

To aid the Court in its *in camera* review, MHH is directed to identify the documents or portions of documents in its production that are responsive or relevant to the above-referenced categories. The Court intends to direct MHH to withhold production of any documents or portions of documents that are irrelevant to these categories, and based on the Court's initial review of documents, there appear to be a number that may not be relevant. MHH shall email to the Court a log with the above information by **June 13, 2024**.

The Court has also reviewed documents that are internal memoranda within MHH. These memoranda, being internal to the law firm, are not themselves attorney-client communications. However, portions of these memoranda recount communications between MHH and Dalpour; some recount statements made by Dalpour to MHH and/or by members of the firm to Dalpour that would qualify for the exception. The Court intends to direct MHH to produce the portions of those documents that memorialize communications subject to the exception. To the extent Defendants object to the production of those documents, Defendants may submit a letter

explaining why such documents, or excerpts of them, are not properly produced. Any such memorandum is due **June 13, 2024**. Any opposition from Plaintiffs is due **June 20, 2024**.

Dated: May 30, 2024
      New York, New York

SO ORDERED.

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge