

Ocotber 22, 2025

**VIA ECF**

Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

      Re:    *DRC LV Ventures, LLC v. Dalpour*, 23 Civ. 7827 (JGLC)

Dear Judge Clarke:

      We represent Plaintiffs and write in limited opposition to Thompson & Skrananek's motion to withdraw as counsel for Defendants Idin Dalpour and Maxben Holdings.  While Plaintiffs do not object in principle to counsel being permitted to withdraw from this case, we are concerned that Defendants will use counsel's withdrawal to further delay judgment enforcement discovery that is already past due.  Accordingly, we respectfully request that the Court deny Defendants' request for a 30-day stay and that the Court condition any order granting counsel's motion to withdraw on Defendants' provision of an email address where they can be served going forward.

      On December 18, 2024, the Court entered a stipulated judgment in favor of Plaintiffs in the amount of $5,009,400.  Since the entry of the judgment, Defendants have neither communicated with Plaintiffs about the judgment nor paid any portion of it.  Accordingly, on September 11, 2025, Plaintiffs served Defendants with judgment enforcement discovery demands, including document demands, interrogatories, and notices to depose Mr. Dalpour on October 29, 2025 and a Maxben Holdings representative on October 30, 2025.  Defendants did not respond to the document demands or interrogatories within the time permitted by the Rules, though Mr. Dalpour stated on October 17, 2025 that he intends to submit responses on October 27, 2025.

      There is no reason to stay this case for 30 days while Defendants seek new counsel.  They have already known for at least two weeks of Mr. Thompson's intention to withdraw, but they have neither secured new counsel nor made any representations about their efforts to do so.  If they need more time to address a discovery demand, they can ask for it, but the record does not support a request for a stay of all judgment enforcement discovery — including overdue responses to document requests and interrogatories that Mr. Dalpour has already agreed to provide by October 27 — while Defendants engage in a likely futile search for a new lawyer to step into the case.

      With respect to service, in response to Mr. Thompson's request for Plaintiffs' position on his withdrawal application, we asked for Defendants to provide an email address where they would agree to accept service going forward.  Mr. Thompson stated Defendants were "open to such an agreement," but they have not yet provided an address whether they agree to be served.  To avoid



any interruption in Plaintiffs' ability to serve Defendants following Mr. Thompson's withdrawal, Defendants should be required to provide an email address where they will accept service of process.

For all of these reasons, Plaintiffs respectfully request that the Court deny Defendants' request for a stay and condition any order granting Mr. Thompson's withdrawal application on Defendants' provision of an email address where they can be served.

Respectfully Submitted,

*/s/ Peter Skinner*
Peter Skinner
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 303-3654
E-mail: pskinner@bsfllp.com

*Counsel for Plaintiffs*

cc:   Counsel of Record
      (Via ECF)